IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SAMUEL REAVES, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-740-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Samuel Reaves, TDCJ # 1069396, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Snyder, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

A review of the pleadings, state court records, and documentary exhibits in this case reflects petitioner has a long history of criminal activity and multiple state criminal convictions. Relevant to this action are petitioner's 1988 conviction for sexual assault and his 2001 conviction for felony driving while intoxicated (DWI).

On May 16, 1988, petitioner entered a negotiated guilty plea to sexual assault, a second degree felony under § 22.011 of the Texas Penal Code, in cause no. 88-02-0010C-CR in the 97th District Court in Clay County, Texas, and was sentenced to five years' confinement. (02State Habeas R. at 28-33[1]) The five-year sentence is fully discharged. (*Id.* at 48; Resp't Prel. Resp., App. B (docket entry no. 23)) As a result of this conviction, petitioner is required to register as a sex offender for life. (02State Habeas R., Summary[2])

On October 25, 2001, petitioner entered a negotiated guilty plea to felony (DWI) in Case No. 0780991D in the Criminal District Court Number Two of Tarrant County, Texas, and was sentenced to twenty years' confinement. (Amended Pet. at 2 (docket entry no. 17)) Petitioner did not directly appeal his conviction or sentence. (*Id.* at 3)

During his incarceration, petitioner has been denied release on parole and is ineligible for mandatory supervision based on his 1998 sexual assault conviction under § 508.149 of the Texas

---

[1]"01State Habeas R." refers to the state record of petitioner's state habeas application no. WR-33,535-01; "02State Habeas R." refers to the state record of his state habeas application no. WR-33,535-02; "03State Habeas R." refers to the state record of his state habeas application no. WR-33,535-03.

[2]This record is not paginated.

Government Code. (Amend. Pet. at 2-3 & attach.;02State Habeas R. at 17; Resp't Prel. Resp., App.

A)

This federal petition for writ of habeas corpus is deemed filed on October 14, 2011.[3] As

ordered, respondent has filed a preliminary response and documentary exhibits addressing only the

issue of limitations, to which petitioner filed a reply.

### D. ISSUES

Petitioner's grounds for habeas relief are categorized and construed as follows:

(1)     His 2001 Tarrant County felony DWI conviction is unconstitutional because:

      (a)     his plea was involuntary;
      (b)     his conviction was obtained in violation of the privilege against self-incrimination; and
      (c)     his conviction was obtained by the state's failure to tell him about evidence favorable to his defense.  (grounds one through three)

(2)     TDCJ's denial of his release to mandatory supervision and/or parole is unconstitutional because:

      (a)     application of § 508.149 to his case to render him ineligible for mandatory supervision based on his 1988 sexual assault conviction violates the protection against double jeopardy and constitutes cruel and unusual punishment;
      (b)     retroactive application of HB 1433 to his 2001 DWI conviction violates the Ex Post Facto Clause, and
      (d)     he has been denied parole without due process.  (grounds four, five and eight through thirteen)

(3)     The lifetime requirement that he register as a sex offender should not apply to him because:

      (a)     he fully discharged his five-year sentence on the 1988 sexual assault conviction in 1993;

---

[3]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

    (b)     he is being punished under the 1999 provisions of the Texas Government Code and the 76th legislation, although he completed his plea bargain under the provisions under the 70th legislation.

    (c)     no one asked permission to disclose his personal information on the "world wide web." (grounds six and seven)

(Amended Pet. at 6-7; Mtn to Amend Orig. Pet. at 1-4 & Attach. (docket entry no. 11)

## E. STATUTE OF LIMITATIONS

Respondent argues that petitioner's claims are time-barred and should be dismissed with prejudice. (Resp't Preliminary Resp. at 5-9)  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

*(1) 2001 Felony DWI Conviction*

Under subsection (A), applicable to petitioner's direct challenge to his October 25, 2001, felony DWI conviction, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, the judgment of conviction became final upon expiration of the time that petitioner had for filing a timely notice of appeal on November 24, 2001. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).  Thus, the one-year limitations period began to run on November 25, 2001, and closed one year later on November 24, 2002, absent any applicable tolling.

Petitioner's state habeas application challenging the conviction, filed on September 17, 2010, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2).  (03State Habeas R. at 2) *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Nor has petitioner alleged and demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period.  Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, ___ (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999).  The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th

5

Cir. 2000). Petitioner has neither alleged nor demonstrated that he was actively misled by state authorities or that he was prevented in some extraordinary way from pursuing his rights.

Ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, transfers between prison units, and temporary denial of access to research materials or a law library, are not sufficient to warrant equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Felder*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Furthermore, petitioner's allegations of injury and mental incompetency, as a result of being heavily medicated, or mental illness will not support equitable tolling in the absence of evidence demonstrating that such condition rendered the petitioner unable to pursue his legal rights during the relevant time period. *See Fisher*, 174 F.3d at 715-16. Petitioner provides no evidentiary basis for this court to conclude that because of injuries he sustained while in prison or his mental state he was so impaired during the relevant time period that he could not pursue his legal remedies before the expiration of the limitations period.[4,5] Accordingly, petitioner's federal petition was due on or before November 24, 2002, and his petition filed on October 14, 2011, is untimely.

---

[4]Petitioner provided medical records indicating that he did have surgery to repair a displaced nasal fracture in May 2001 after being assaulted in prison. (Pet'r Traverse, Ex. Two)

[5]Petitioner asserts the state prosecutor withheld evidence favorable to him in the form of a blood or breath test to show his conviction is valid, a *Brady* violation, thus creating an impediment to his timely filing. He urges that the limitations period does not begin to run under § 2244(d)(1)(B) until this impediment is removed. (Pet'r. Traverse at 2) However, petitioner pleaded guilty to the offense pursuant to a plea bargain agreement and judicially confessed to committing the offense. A judicial confession is sufficient evidence to support a conviction in Texas. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

*(2) Ineligibility for Mandatory Supervision and Denial of Parole*

Under subsection (D), applicable to petitioner's challenges to the denial of his release on mandatory supervision and parole under category (2), the limitations period began to run on the date the factual predicate of the claims could have been discovered through the exercise of due diligence. As to petitioner's ineligibility for mandatory supervision, he could have discovered on the date of his October 25, 2001, sentencing that he would not be eligible for mandatory supervision on his 20-year sentence because the applicable statute clearly made mandatory supervision inapplicable to him. *See* Act of May 10, 1999, 76ᵗʰ Leg., R.S., ch. 62, § 10.23, 1999 Tex. Gen. Laws 127, 329-30.[6] *See also Ex parte Halle*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999) (providing eligibility for mandatory supervision is determined by the statute in effect at the time of the holding offense was committed under state law). Thus, the limitations period began on October 26, 2001, and expired one year later on October 25, 2002.[7]

Petitioner's second and third state habeas applications challenging his ineligibility, filed on March 4, 2010, and September 17, 2010, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *Scott*, 227 F.3d at 263. Nor has petitioner alleged

---

[6]The act provided, in relevant part,

> (a) An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted:
>
> . . .
>
> > (6) a second degree felony under Section 22.011, Penal Code
>
> . . . .

[7]There is some indication that TDCJ may have considered petitioner eligible for discretionary mandatory supervision immediately after his October 25, 2001, conviction. (02State Habeas R., Summary) Nevertheless, even if we were to give petitioner the benefit of the doubt that he first learned that he was ineligible for mandatory supervision "around 2003," as he alleges, it would not change the result. (Mtn. to Amend. at 4 (docket entry no. 7))

and demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. Accordingly, petitioner's federal petition was due on or before October 25, 2002, and his petition filed on October 14, 2011, is untimely.

As to the denials of parole, the factual predicate of the claims was discoverable on the dates parole was denied. Petitioner became eligible for parole in 2003 based on a combination of good and flat time. (03State Habeas R. at 13, 31-32) Although eligible, petitioner was denied parole in June 2003, June 2005, June 2006, July 2007, June 2008, July 2009, and July 2010. (Resp't Prel. Resp., App. A; 02State Habeas R., Summary) Clearly, the one-year statute of limitations has run on his claims as they pertain to the 2005, 2006, 2007, and 2008 denials. As to his claims pertaining to the July 28, 2009, denial, petitioner had until July 28, 2010, to file a timely petition, absent any tolling. Petitioner's second and third state habeas applications, filed on March 4, 2010, and September 17, 2010, tolled the limitations period under the statutory provision 228 days, making his petition due on or before March 13, 2011. (02State Habeas R. at 2; 03State Habeas R. at 2) Petitioner does not allege or demonstrate extraordinary circumstances prevented him from filing a timely petition to warrant equitable tolling of the limitations period. According, petitioner's federal petition was due on or before March 13, 2011, and his petition filed on October 14, 2011, is untimely.

As to the July 2010 denial, there is insufficient evidence in the record to indicate the exact date of the denial. (03State Habeas R. at 13) Thus, assuming parole was denied no later than July 31, 2010, petitioner had until July 31, 2011, to file a timely petition, absent any tolling. Petitioner's third state habeas application, filed on September 17, 2010, tolled the limitations period 54 days, making his petition due on or before September 23, 2011. Petitioner does not allege or demonstrate extraordinary circumstances prevented him from filing a timely petition to warrant equitable tolling

8

of the limitations period. Accordingly, petitioner's federal petition was due on or before September 23, 2011, and his petition filed on October 14, 2011, is untimely.

*(3) Sex Offender Registration*

Under subsection (D), also applicable to petitioner's challenges to the requirement that he register as a sex offender under category (3), the limitations period began to run on the date the factual predicate of the claims could have been discovered through the exercise of due diligence. Under subsection (D), and allowing petitioner full latitude, the requirement that he register as a sex offender was discoverable at the latest on the date he actually registered.

Texas's sex-offender registration laws came into effect on September 1, 1991. *Rodriguez v. State*, 93 S.W.3d, 60, 66 (Tex. Crim. App. 2002). Prior to the amendments of 1997, the class of sex offenders with reportable convictions did not include any defendants who had been convicted prior to 1991. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 258, § 17, 1995 Tex. Gen. Laws 2197, 2206. In 1997, however, the state legislature expanded the class to include all those who had a "reportable conviction or adjudication" since September 1, 1970, and who continued to be under some form of state supervision. Act of May 24, 1997, 75th Leg., R.S., ch. 668, §§ 1, 11, 1997 Tex. Gen Laws 2253, 2264. Also, before 1997, anyone already subject to registration had to report only until his or her sentence was discharged. *Rodriguez*, 93 S.W.3d at 66. That also changed in 1997 when the reporting requirement became a lifetime requirement for persons previously required to register. Act of May 24, 1997, 75th Leg., R.S., ch. 668, §§ 1, 11, 1997 Tex. Gen Laws 2253, 2264. The state has apparently determined that petitioner was within the class of offenders subject to the registration requirement when the law changed in 1997 and that the amendments apply retroactively to his 1988 conviction so that on its effective date, he was required to register for life.

9

The record reflects that the state notified petitioner on October 8, 1997, that he was required to register and that petitioner did register on October 14, 1997. (Resp't Prel. Resp., App. A)   Thus, the fact that petitioner would be required to register for life was discoverable at the latest on October 14, 1997, and petitioner had until October 14, 1998, to file a timely petition, absent any tolling. Petitioner's second and third state habeas applications filed after limitations had already expired did not operate to toll the limitations period.   *Scott*, 227 F.3d at 263.   Nor has petitioner alleged or demonstrated that extraordinary circumstances prevented him from filing a timely petition to warrant equitable tolling of the limitations period.   According, petitioner's federal petition was due on or before October 14, 1998, and his petition filed on October 14, 2011, is untimely.

## II.  RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 28, 2012.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

10

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 28, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February ___8___, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

11